

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-24-2007

# USA v. Ross

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1761

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Ross" (2007). *2007 Decisions.* Paper 393.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/393

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1761
_____

UNITED STATES OF AMERICA

vs.

WILLIAM C. ROSS, JR.,
                                        Appellant


_____


APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim No. 05-cr-00073-2 )
District Judge:   Honorable Eduardo C. Robreno


_____


Submitted Under Third Circuit L.A.R. 34.1(a)
September 18, 2007
Before:   SLOVITER, SMITH and WEIS, Circuit Judges.

(Filed: September 24, 2007)
_____

OPINION
_____

WEIS, Circuit Judge.

A jury convicted defendant of conspiracy to distribute marijuana in

violation of 21 U.S.C. § 846, distribution of marijuana in violation of 21 U.S.C. §

1

841(a)(1), and possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1).  The district judge sentenced defendant to concurrent terms of 84 months incarceration on the conspiracy count and 60 months on the other two offenses.  On appeal, defendant contends that the District Court erred in:

(1)  ruling that a prior conviction of aggravated assault on a police officer resulted in a category 3 criminal history calculation;

(2)  refusing to suppress a video of a traffic stop in Texas during which $49,000 in currency was recovered, as well as residue of marijuana and a postal scale;

(3)  permitting a DEA agent to testify about a statement made by co-defendant Kenneth Oatman regarding plans for purchase of marijuana from sources in Mexico; and,

(4)  limiting the number of government telephone intercepts that defendant could present to the jury.

He further argues that his conviction was against the weight of the evidence because the traffic stop should have been excluded and the only other evidence against him was from co-conspirators who had much to gain by testifying against him.

The evidence established that defendant was a member of a conspiracy that purchased marijuana from co-defendant Oatman, who lived in Oklahoma and had sources in Texas and Mexico to secure the drug.  The Pennsylvania members of the group including defendant would drive to Oklahoma or Texas and purchase marijuana with cash

2

and bring it back to Pennsylvania.

On one occasion in 2004, defendant was stopped by a police officer in Orange County, Texas. A search of the car revealed a strong odor of marijuana, a very small residue of the drug, $49,000 in cash, and trash bags typically used for carrying marijuana. Defendant was not arrested at that time, but evidence of the incident was presented at his trial in the present case.

Defendant argues that admitting this evidence caused him undue prejudice and was an impermissible use of a prior bad act to prove bad character. The products of the 2004 search are not, however, evidence of a prior unrelated crime. They are direct evidence of the drug conspiracy alleged in the present case against defendant and are admissible to prove that conspiracy. See United States v. Gibbs, 190 F.3d 188, 217 (3d Cir. 1999) ("Rule 404(b), which proscribes the admission of evidence of other crimes when offered to prove bad character, does not apply to evidence of uncharged offenses committed by a defendant when those acts are intrinsic to the proof of the charged offense.").

The District Court likewise did not err in limiting the admission of phone calls that did not involve or discuss defendant. The government had intercepted many telephone calls that concerned both this conspiracy and another related cocaine conspiracy in which defendant did not play a major part. The District Court, conscious of the likelihood of confusion, limited defendant on cross-examination to using

3

approximately a dozen of those calls as selected by defense counsel. We find no error in that ruling.

We also find no error in the District Court's decision to allow a DEA agent to testify about statements co-defendant Oatman made about connections to a Mexican drug cartel.

After our review of the record, we find no reversible error in the admission of evidence at the trial and we will affirm the conviction.

Defendant further contends that the District Court excessively enhanced the Guidelines computation by considering a prior conviction for aggravated assault on a police officer as criminal history category 3 instead of category 2. As defendant himself concedes, assault on a police officer results in a criminal history category of 3 under the Guidelines. His argument that the District Court should have considered the conviction as one for simple assault because of several mitigating circumstances even though he was convicted of assault on an officer is unpersuasive. We find no error in the criminal history calculation and we find the sentence to be reasonable.

Accordingly, the Judgment of the District Court will be affirm